**In the Matter of Daniel E. MOORE, Respondent.**

No. 10S00–0905–DI–227.

Supreme Court of Indiana.

Nov. 3, 2009.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulat-

ing agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In May 2004, Respondent was retained by a client ("Client") to represent her in a dissolution of marriage action. Client paid Respondent $15,000 pursuant to an agreement that this would be his total "flat" or "fixed" fee. By letter dated June 16, 2004, Respondent told Client: "My office agrees to accept your case in consideration of the payment of our minimum non-refundable retainer fee in the amount of $15,000. . . ."

Respondent diligently and competently worked on Client's case. In May 2005, Respondent requested Client pay him an additional $5,000, which Client paid. In April 2006, Respondent requested Client pay him an additional $1,500, which Client paid in two installments. In neither instance did Respondent advise Client to consult with independent counsel before agreeing to amend the fee agreement to his advantage.

Respondent has no prior disciplinary history, he was cooperative with the Commission, he is remorseful, and he has served as a volunteer in various community and legal organizations. The parties agree there are no facts in aggravation.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.5(a) (2004): Charging an unreasonable fee.

1.8(a)(2) (2005): Entering into business transactions with a client (amendments of a fee agreement) unless the client is advised in writing of the desirability of seeking, and is given reasonable opportunity to seek, advice from independent counsel.

**Discipline:** The parties propose the appropriate sanction is a public reprimand.

The Court, having considered the submissions of the parties, now APPROVES and ORDERS the agreed discipline. For Respondent's professional misconduct, the Court imposes **a public reprimand.**

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, any hearing officer appointed in this case is discharged.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.

DICKSON, J., dissents and would reject the agreement, believing a period of suspension is in order in the absence of any showing that Respondent refunded the fees received above his initial quote of $15,000 for a "flat" or "fixed" fee.